IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE SINCLAIR, and
ROBERT SINCLAIR,

              Plaintiffs,

v.                                              Case No. 20-1116-JWB

YUNIESKI RODRIGUEZ, and
Y&K TRUCKING, LLC,

              Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on the parties' respective motions to present testimony at trial by way of deposition. (Docs. 85, 89.) The court has reviewed the briefs and filings and is prepared to rule. For the reasons stated, Plaintiff's motion (Doc. 85) is GRANTED IN PART and DENIED IN PART and Defendants' motion (Doc. 89) is GRANTED.

**<u>Plaintiffs' motion to present deposition testimony</u>**. (Doc. 85.) The court's trial scheduling order requires the parties to obtain leave of court to present deposition testimony at trial except insofar as it is used to impeach testifying witnesses. (Doc. 84 at 2.) Plaintiffs seek to present video deposition testimony of Jason Obholz, a resident of Garden City, Kansas, who witnessed the accident. Plaintiffs also seek a determination that Obholz would not incur substantial expense if he were required to attend trial, such that Plaintiffs would be authorized to subpoena him under Fed. R. Civ. P. 45(c)(1)(B)(ii).[1] Plaintiffs assert that they would prefer to present this

---

[1] Garden City is over 200 miles from Wichita, and thus does not fall within the 100-mile radius for subpoenas issued pursuant to of Fed. R. Civ. P. 45(c)(1)(A).

testimony live (either in person or remotely), rather than by deposition, but say their "recent efforts to contact Mr. Obholz have been unsuccessful." (Doc. 85 at 1.)

Defendants also seek to use portions of Obholz's deposition at trial, although they contend portions should be excluded and have filed a motion in limine challenging any testimony from Obholz "about speeds, red vs. green light, and/or who had the right of way." (*See* Doc. 94 at 4.)

Plaintiffs' designation of Obholz's deposition testimony (Doc. 93) indicates the relevant testimony amounts to no more than twenty transcribed pages, which would take a matter of minutes to present to the jury by way of video deposition. Garden City is located over 200 miles from Wichita – approximately a three-and-a-half hour drive on a two-lane highway. Under these circumstances, the court will authorize both parties to use relevant and admissible portions of Obholz's video deposition testimony at trial. The court concludes that exceptional circumstances and the interests of justice warrant the use of deposition testimony. *See* Fed. R. Civ. P. 32(a)(4)(E). The court declines at this point to make any finding concerning "substantial expense."

**Defendants' motion to present deposition testimony**. (Doc. 89.) In addition to Obholz's deposition, Defendants seek leave to present deposition testimony of Juan Jose Mareno, another resident of Garden City who witnessed the accident. Defendants assert that neither Mareno nor Obholz saw the color of the traffic light at the time of the accident (Doc. 89 at 3), and Defendants have filed a motion in limine to exclude any testimony from Mareno "about speeds, red vs. green light, and/or who had the right of way." (Doc. 94 at 5.)

The court finds, for reasons indicated above, that Defendants' motion for leave to use the relevant and admissible portions of Mareno's deposition testimony at trial should be granted.

3

**Conclusion.**

Plaintiff's motion for leave to present deposition testimony (Doc. 85) is GRANTED IN PART and DENIED IN PART as indicated above. Defendants' motion for leave to present deposition testimony (Doc. 89) is GRANTED. IT IS SO ORDERED this 11th day of January, 2023.

                                              _____s/ John W. Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE