IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE SINCLAIR, and
ROBERT SINCLAIR,

        Plaintiffs,

v.                                            Case No. 20-1116-JWB

YUNIESKI RODRIGUEZ, and
Y&K TRUCKING, LLC,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for leave to present the testimony of Dr. Michael Rauzzino at trial live via Zoom from a remote location. (Doc. 104.) The motion is fully briefed and is ripe for decision. (Docs. 107, 108.) For the reasons stated herein, the motion is DENIED.

**I. Background**

This case involves a traffic accident that occurred on September 8, 2019, in Garden City, Kansas. Following discovery, a pretrial order was filed on August 20, 2021. (Doc. 59.) Plaintiffs allege that Ms. Sinclair suffered significant injuries and mental impairment in the accident and seek over $3 million in damages. (Doc. 59 at 12-13.) Trial was initially set for June 20, 2022. The court ruled on a motion for partial summary judgment and on *Daubert* issues on February 24, 2022. (Doc. 78.) The trial was subsequently reset by agreement of the parties to August 8, 2022, and later continued to January 30, 2023, at Defendants' request and without objection from Plaintiffs. (Docs. 81, 84.) At a status hearing in April 2022, Plaintiffs raised the prospect of having

witnesses testify live remotely via Zoom. Based on Defendants' indication that they were not in favor of such testimony, the court directed the parties to confer and if an agreement could not be reached, to file a written motion relating to such testimony.

In accordance with the court's scheduling order, final witness and exhibit lists were filed December 30, 2022. Plaintiffs listed over 50 witnesses, including over 30 medical-related witnesses. At the in limine conference on January 19, 2023, Plaintiffs announced that their only medical witness at trial would be Dr. Rauzzino, who treated Ms. Sinclair and who would offer opinions on causation, the extent of her injuries, diagnosis, prognosis, and future medical needs. After the court ruled on numerous in limine matters, Plaintiffs indicated they wished to have Dr. Rauzzino testify live from Colorado via Zoom. Based on Defendants' opposition, the court directed Plaintiffs to file a written motion, which they have now done.

Plaintiffs argue remote Zoom testimony should be allowed for several reasons, including because Dr. Rauzzino's surgery schedule prevents him from attending trial in person the week of January 30, because Dr. Rauzzino recently underwent surgery himself that would make travel difficult, because adequate safeguards can be implemented for Zoom testimony, and because Zoom testimony would result in significant cost savings over an evidentiary deposition. (Doc. 104.) Defendants oppose the motion, arguing Plaintiffs have failed to show good cause for testimony by Zoom. (Doc. 107.)

**II. Standards**

Rule 43 of the Federal Rules of Civil Procedure provides in part:

(a). In Open Court. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause and in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

2

Fed. R. Civ. P. 43(a).

> The advisory notes to the above rule elaborate on its provisions:
>
> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
>
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other--and perhaps more important--witnesses might not be available at a later time.
>
> Other possible justifications for remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.
>
> Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission. The court is not bound by a stipulation, however, and can insist on live testimony. Rejection of the parties' agreement will be influenced, among other factors, by the apparent importance of the testimony in the full context of the trial.
>
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

### III. Discussion

The court cannot find good cause or compelling circumstances for allowing Dr. Rauzzino to testify remotely at trial by Zoom.  First, Plaintiffs have been on notice for an extended period of the potential difficulty of arranging for Dr. Rauzzino's attendance at trial but have waited until approximately ten days before trial to raise the issue.  The court informed Plaintiffs months ago that a motion should be filed if the parties did not agree on having Zoom testimony.  Plaintiffs could have reasonably foreseen the circumstances they now rely upon as justifying remote testimony and could have raised the issue substantially sooner.  There is no showing of unexpected or unforeseen developments that make remote testimony a compelling alternative.  Additionally, the court notes that Dr. Rauzzino appears to be a crucial witness in the case, and Defendants' assertion that their ability to effectively cross-examine Dr. Rauzzino will be hindered by having to do so via Zoom carries substantial weight.

The advisory committee notes indicate that in such circumstances, a video deposition is a superior means of obtaining the testimony of a witness who is outside the subpoena power of the court.  The court concludes that good cause has not been shown for granting leave to present Dr. Rauzzino's testimony remotely via Zoom, and that an evidentiary video deposition is a preferable alternative, assuming he is unable to attend the trial and testify in person.  Given the late date at which this issue has been raised, the court is not certain whether the parties can arrange for such a deposition in time to maintain the January 30 trial date.  If they cannot, the court will consider a motion to continue the trial to a date that will permit such an arrangement.  Any such motion shall be filed not later than Wednesday, January 25, 2023, at 5:00 PM CST.

## IV.  Conclusion

Plaintiffs' motion for leave to present Dr. Rauzzino's testimony live via Zoom (Doc. 104) is DENIED.

IT IS SO ORDERED this 23rd day of January, 2023.

                                                          _s/ John W. Broomes_
                                                          JOHN W. BROOMES
                                                          UNITED STATES DISTRICT JUDGE